IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§ Case No. 2:17-cv-517-JRG<br>§<br>§ **JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§<br>§<br>§ |

**DECLARATION OF VINCENT J. RUBINO, III IN OPPOSITION TO
DEFENDANTS ZTE (TX) INC. AND ZTE (USA) INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER**

I, Vincent J. Rubino III, being duly sworn, hereby depose and state as follows:

1.  I am a member of Brown Rudnick LLP, counsel of record for Plaintiff AGIS Software Development LLC ("AGIS"). I am a member of the Bar of the State of New York and have been admitted to practice in the United States District Court for the Eastern District of Texas. I make this declaration in opposition to the motion to dismiss Plaintiff's Amended Complaint for improper venue or in the alternative to transfer (Dkt. No. 38) filed by Defendants ZTE (TX) Inc. ("ZTX") and ZTE (USA) Inc.'s ("ZTA" together with ZTX, "Defendants. The statements in this declaration are based upon my review of information obtained from public records, except where noted.

2.  Attached hereto as Exhibit 1 is a true and correct copy of distances calculated "as the crow flies" using the website: http://tjpeiffer.com/crowflies.html, between:

    1)  Lenexa, Kansas to 100 East Houston Street, Marshall, Texas;

2) Lenexa, Kansas to San Francisco, California;

3) Jupiter, Florida to 100 East Houston Street, Marshall, Texas;

4) Jupiter, Florida to San Francisco, California;

5) Allen, Texas to 100 East Houston Street, Marshall, Texas

6) Allen, Texas and San Francisco, California;

7) Redmond, Washington to 100 East Houston Street, Marshall, Texas;

8) Redmond, Washington to San Francisco, California;

9) Overland, Kansas to 100 East Houston Street, Marshall, Texas;

10) Overland, Kansas to San Francisco, California;

11) New York City to 100 East Houston Street Marshall, Texas;

12) New York City to San Francisco, California;

13) Dallas, Texas to 100 East Houston Street, Marshall, Texas;

14) Dallas, Texas to San Francisco, California;

15) Austin, Texas to 100 East Houston Street, Marshall, Texas; and

16) Austin, Texas to San Francisco, California.

3. Attached hereto as Exhibit 2 is a true and correct copy of an article by Kate Weidaw for KXAN published on September 19, 2017, entitled "Google opens new downtown Austin office," as accessed on December 12, 2017 at http://kxan.com/2017/09/19/google-opening-new-downtown-austin-office/.

4. Attached hereto as Exhibit 3 is a true and correct copy of an article by Cindy Widner for Curbed Austin published on September 25, 2017, entitled "Peek inside Google's new Austin offices-now with more photos (and info)!" as accessed on December 12, 2017, at https://austin.curbed.com/2017/9/21/16346740/google-austin-office-new-photos-downtown.

5. Based on my personal knowledge as counsel to AGIS, AGIS has retained Joseph C. McAlexander to serve as an expert witness in support of this patent infringement action. Mr. McAlexander is located at McAlexander Sound, Inc., 101 W. Renner Road, Suite 350, Richardson, Texas 5082-2016.

6. Third-party cellular carriers including AT&T, Sprint, and Verizon are likely to possess information relating to the consumer demand and market value of the features enabled by the Patents-in-Suit, as well as consumer surveys and marketing information regarding demand for particular software applications and features. According to AT&T's website, AT&T is headquartered in Dallas, Texas. *See e.g.,* https://investors.att.com/resources/contacts. According to Sprint's website, Sprint is headquartered in Overland Park, Kansas. *See e.g.,* https://www.sprint.com/en/support/contact-us.html#tab-business. According to Verizon's website, Verizon is headquartered in Basking Ridge, New Jersey. *See e.g.,* http://www.verizon.com/about/our-company/verizon-corporate-headquarters. AGIS plans to serve subpoenas on employees of least these three third-party companies.

7. Attached hereto as Exhibit 4 is a true and correct copy of the LinkedIn Profile of Bahadir 'Baha' Koseli available at https://www.linkedin.com/in/bahadir-baha-%E2%80%8B-koseli-ms-53834118/.

8. Attached hereto as Exhibit 5 is a true and correct copy of a LinkedIn Profile of Keith Gladhill available at https://www.linkedin.com/in/keith-gladhill-0a002b89/.

9. Attached hereto as Exhibit 6 is a true and correct copy of U.S. District Courts Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During 12 Month Period Ending March 31, 2017, available at http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c5_0331.2017.pdf.

10. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the U.S. District Courts- Combined Civil and Criminal Federal Court Management Statistics for the twelve-month period ending March 31, 2017, available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf.

11.     Attached hereto as <u>Exhibit 8</u> is a true and correct copy of a ZTE document stamped "ZTE-FRCT0000544" which has been previously filed in *X-Mobile Technologies LLC v. ZTE Corp. et al*, Case No. 4:17-cv-00696, No. 27-2 (E.D.Tex. Dec. 7, 2017) and *Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-00620-ALM-KPJ, 2017 WL 5163605, at *3-4 (E.D. Tex. Oct. 4, 2017).  The document stamped "ZTE-FRCT0000544" includes images of call center employees wearing apparel with ZTE logos and states: "ZTE established a local call center with iQor in Plano, TX in early 2016.  The call center has 60+ dedicated ZTE representatives on customer service to build brand loyalty with exceptional customer service."

12.     Attached hereto as <u>Exhibit 9</u> is a true and correct copy of excerpts from a Motions Hearing before the Honorable Roy S. Payne on September 1, 2017 in *Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-00620-ALM-KPJ (E.D. Tex.) (also filed in *Fractus, S.A. v. ZTE Corporation, et al*, 2_17-cv-00561, No. 30-7 (E.D.Tex. Oct. 10, 2017).  At page 17, lines 6-21 of the transcript, counsel for ZTE (USA), Inc. states: "I don't dispute that the PowerPoint says that ZTE established the call center.  You know, it's established in partnership with the third party.  There's ZTE representatives that are – that do come, not every day, but do make appearances and would work with the third party representatives."

13.     Attached hereto as <u>Exhibit 10</u> is a true and correct copy of an online resume document by "Charles D. Crowe" available at https://www.postjobfree.com/resume/ac1iff/powershell-dns-tcp-chat-ip-fort-worth-tx and previously filed in *X-Mobile Technologies LLC v. ZTE Corporation, et al*, 4_17-cv-00696, No. 27-4 (E.D.Tex. Dec. 7, 2017).  The underlying document states that Charles D. Crowe worked for "IQOR (ZTEUSA)" in "Plano, TX" from "2015 to 2016"  The underlying document states that Charles D. Crowe worked as a "Support Technician – Subject Matter Expert (SME)" and

Mr. Crowe listed the following responsibilities: "VIP Specialist: Showcase new flagship Android phones.  Had the honor of taking the first call in USA for ZTE;" "Knowledge Base Writer: Research, draft, publish, and approve articles pertaining to ZTE devices, policies, and procedures for public and internal use;"  "Training material Writer: Write new training presentations that are needed outside of the curriculum provided by ZTE;" "Ongoing training: Implement on the job trainings from presentations or perform one-on-one sessions with outlier agents;" "Seller Cloud Sales: Take payments over the phone using an online POS system;" "Live Chat: Provide world class customer service though a chat portal.  Provide troubleshooting assistance, warranty service, and product information;" "Floor Support: Assist agents throughout the production floor with anything needed to resolve customer concerns on the call or chat;" "Escalations: Research issues related to customer technical concerns where the agent is not able to resolve the issue.  When directed by ZTE corporate, contact customers that have executive escalated concerns and resolve their concerns in any way possible;" "Acting Supervisor: When needed, act as supervisor to assist the production floor when one is not available."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on December 29, 2017.

>/s/ *Vincent J. Rubino, III*
> Vincent J. Rubino, III