IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT, LLC, § § § Plaintiff, § § v. § § ZTE CORPORATION, ET AL., § § Defendants. § | Case No. 2:17-cv-517-JRG  JURY TRIAL DEMANDED |

**PLAINTIFF AGIS SOFTWARE DEVELOPMENT, LLC'S
RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTION TO DISMISS FOR IMPROPER
VENUE, OR IN THE ALTERNATIVE, TO TRANSFER (DKT. 63)**

Plaintiff AGIS Software Development, LLC ("AGIS") files this Response to Defendants ZTE (USA) Inc.'s and ZTE (TX), Inc.'s (collectively, "ZTE" or "Defendants") Notice of Supplemental Authority (Dkt. 63) in which Defendants submitted a ruling on a petition for mandamus, in *In re ZTE (USA) Inc.*, No. 2018-113, Dkt. No. 39 (Fed. Cir. May 14, 2018) ("*In re ZTE*"), which recently issued on May 14, 2018 from the Court of Appeals for the Federal Circuit, as supplemental authority that is relevant to Defendants' Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer (Dkt. 38).

In *In re ZTE*, the Federal Circuit granted the petitioner's writ of mandamus vacating the district court's denial of petitioner's motion to dismiss for improper venue under 28 U.S.C. § 1400(b) and remanded the motion for reconsideration. Dkt. 63-1 at 2. The Court concluded: (1) Federal Circuit law governs the placement of the burden of persuasion on the propriety of venue under § 1400(b) (*id.* at 6); (2) a plaintiff bears the burden of establishing proper venue (*id.* at 8-9); and (3) to establish whether a place of business in the district is a regular and established

place of business of the defendant sufficient to establish venue pursuant to § 1400(b), a district court must give "reasoned consideration" to all relevant factors, including the non-exhaustive factors set forth in *In re Cray*, of the relationship between the place of business in the district and the defendant (*id.* at 11).

Because AGIS's briefing establishes that it has met its burden to establish that venue is proper in this District, *In re ZTE* does not alter the conclusion that venue is proper as to Defendant ZTE (USA), Inc. in the instant case. Dkt. 46 at 12-20; Dkt. 52 at 1-6.[1] As to the "regular and established place of business" test, in *In re ZTE*, the Federal Circuit asked the district court to conduct a new, fact-specific analysis that considered *all* factors relevant to the determination as to whether the place of business in the district constitutes a place of business of the petitioner, including the non-exhaustive factors set forth in *In re Cray, Inc.*, 871 F.3d 1360 (Fed. Cir. 2017). Dkt. 63-1 at 11-12. The Federal Circuit explained that the district court had previously failed to consider certain relevant factors, including whether the petitioner exercises attributes of possession or control over the call center in the district or the customer service representatives at the call center (*id.* at 12) and "whether any signage on, about, or relating to the call center associates the space as belonging to [defendant]" (*id.*). These factors and more have already been briefed by the parties. For example, Defendants admit: (1) ZTE (USA), Inc. established the call center in the District for the purpose of providing customer support services to ZTE (USA), Inc. customers (Dkt. 51-2 ¶ 5; Dkt. 38-2 ¶ 8); (2) ZTE provides the call center with materials that explain the operation of and changes to ZTE (USA), Inc. products, which the call center uses to train customer service representatives (Dkt. 38-2 ¶ 14); (3) ZTE (USA), Inc.'s customer-facing website advertises a customer support telephone number and a telephone

---

[1] In the event that the Court finds otherwise, AGIS urges the Court to grant its request for venue discovery (*see* Dkt. 46 at 19-20) so that AGIS may gather the facts necessary to carry its burden of proof.

number for online purchase and sales, both of which are automatically routed to the call center (*id.* ¶ 9); (4) individuals call the call center seeking assistance with, and the call center representatives provide advices about, ZTE (USA), Inc. products (*id.* ¶ 8); and (5) ZTE (USA), Inc. employees perform work on behalf of ZTE (USA), Inc. at the call center (*id.* ¶ 16). Moreover, Defendants do not contest that ZTE (USA), Inc. directs its customer service representatives at the call center to affirmatively contact customers in order to resolve issues and concerns and that the call center customer service representatives research, draft, publish, and approve articles pertaining to Defendants' devices, polies, and procedures.  Dkt. 46-12; Dkt. 51 at 4-6.  Thus, the factors which the Federal Circuit considers relevant are discussed in AGIS's briefing, and compel the conclusion that venue is proper as to Defendant ZTE (USA), Inc.

Dated: May 23, 2018                                      Respectfully submitted,

**BROWN RUDNICK LLP**

*/s/ Vincent J. Rubino, III*

Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email:  sharel@brownrudnick.com
John A. Rubino

>NY Bar No. 5020797
>Email: jrubino@brownrudnick.com
>Daniel J. Shea
>NY Bar No. 5430558
>Email: dshea@brownrudnick.com
>**BROWN RUDNICK LLP**
>7 Times Square
>New York, NY 10036
>Telephone: 212-209-4800
>Facsimile: 212-209-4801
>
>Samuel F. Baxter
>Texas State Bar No. 01938000
>sbaxter@mckoolsmith.com
>Jennifer L. Truelove
>Texas State Bar No. 24012906
>jtruelove@mckoolsmith.com
>**McKOOL SMITH, P.C.**
>104 East Houston Street, Suite 300
>Marshall, Texas 75670
>Telephone: 903-923-9000
>Facsimile: 903-923-9099
>
>**ATTORNEYS FOR PLAINTIFF, AGIS SOFTWARE DEVELOPMENT, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 23, 2018.

/s/*Vincent J. Rubino, III*
Vincent J. Rubino, III